UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BIOVAIL CORPORATION
SECURITIES LITIGATION

Master File No. 03-CV-8917 (GEL)

## JUDGMENT

On the eighth day of August, 2008, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 4, 2008 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; and (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Biovail Corporation on the New York Stock Exchange or other U.S. stock exchanges or the Toronto Stock Exchange or other Canadian stock exchanges during the period from February 7, 2003, through and including March 2, 2004 (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Biovail's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in

the national edition of *The Wall Street Journal, The Globe and Mail* and *La Presse* and was transmitted over the *Business Wire* pursuant to the specifications of the Court; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2.  The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased the common stock of Biovail on the New York Stock Exchange or other U.S. stock exchanges or the Toronto Stock Exchange or other Canadian stock exchanges during the period from February 7, 2003, through and including March 2, 2004. Excluded from the Class are Biovail, its subsidiaries, affiliates, predecessor and successor entities; Ernst & Young LLP [U.S. and Canada] and any of their affiliates, subsidiaries, and predecessor and successor entities; Ernst & Young LLP [U.S. and Canada] partners and partners of any of their affiliates, subsidiaries, and

predecessor and successor entities; individual defendants Eugene N. Melnyk, Brian H. Crombie, John R. Miszuk, Kenneth Howling and Rolf Reininghaus; members of their immediate families; any entity in which any defendant has a controlling interest; any person who was an officer or director of Biovail during the Class Period; and the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons or entities. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Ontario Teachers' Pension Plan Board and Local 282 Welfare Trust Fund as Class Representatives and Plaintiffs' Co-Lead Counsel as Class Counsel.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Consolidated Second Amended Class Action Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform

Act and Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8.  Lead Plaintiffs and the other members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them on behalf of the Class against any of the Released Parties which arise out of, are related to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, sale or ownership of the securities of Biovail during the Class Period (the "Settled Claims") against Biovail and the Individual Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, insurers, advisors, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled,

released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

9. The Defendants and their heirs, executors, administrators, predecessors, successors and assigns of any of them and the other Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the heirs, executors, administrators, predecessors, successors and assigns of any of them or by any other Released Party against any of the Lead Plaintiffs, any of the other named plaintiffs in these consolidated actions or any of their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

10. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the

deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b) offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

(c) offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Defendants may refer to them to effectuate the liability protection granted them hereunder;

(d) construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Plan of Allocation.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: New York, New York
        August 8, 2008

                                        _____
                                        Honorable Gerard E. Lynch
                                        UNITED STATES DISTRICT JUDGE

#287274.11

## PERSONS EXCLUDED FROM THE CLASS BY REQUEST

1. Roger Mayhew
   8 West St. Unit 1
   Groveton, NH 03582

2. EWT, LLC
   9242 Beverly Blvd.
   Beverly Hills, CA 90210

# EXHIBIT 1